# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Mary Ferry<br>99 Old Providence Rd.<br>Swansea, MA 02777<br><br>  Plaintiff,<br><br>v.<br><br>AllianceOne Receivables Management, Inc.<br>1684 Woodlands Drive, Suite 150<br>Maumee, OH 43537<br><br>  Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**INVASION OF PRIVACY,**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. On or around October 30, 2007, Defendant mailed Plaintiff a letter in an attempt to collect a debt.

10. On or around October 31, 2007, despite having Plaintiff's contact information, Defendant's employee ("Employee") telephoned Plaintiff's mother.

11. During this communication, Employee stated there was a legal judgment against Plaintiff and Plaintiff should contact Defendant immediately.

12. On or around October 31, 2007, during a communication with Plaintiff regarding Plaintiff's debt, Employee threatened that Defendant could garnish Plaintiff's wages for nonpayment.

13. On or around November 8, 2007, during a communication regarding Plaintiff's debt, Plaintiff spoke with one of Defendant's supervisors ("Supervisor") and Supervisor apologized for the above communications and stated that Employee would be reprimanded.

14. During this communication, Supervisor informed Plaintiff that Supervisor would be handling Plaintiff's account from now on.

15. During this communication, Supervisor stated that Supervisor would be willing to accept payment installments.

16. On or around November 9, 2007, Employee contacted Plaintiff despite Supervisor's previous notice.

17. On or around November 9, 2007, during a communication regarding Plaintiff's debt, Plaintiff spoke to Supervisor and informed Supervisor of the phone call referenced immediately above.

18. During this communication, Supervisor denied saying that Supervisor would accept payment installments and demanded the full balance from Plaintiff.

19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

35. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

36. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

37. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com